# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br><br>v.<br><br>CONCEPTIONS REPRODUCTIVE ASSOCIATES, INC. d/b/a CONCEPTIONS REPRODUCTIVE ASSOCIATES OF COLORADO,<br><br>　　Defendant. | **PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD CLASS COUNSEL**<br><br>Civil Action No.: 1:25-cv-00009-CYC |
| KIMBERLY GIBSON, individually and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br><br>v.<br><br>CONCEPTIONS REPRODUCTIVE ASSOCIATES, INC. and IVI AMERICA, LLC,<br><br>　　Defendants. | Civil Action No.: 1:25-cv-00448-TPO |

**PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND APPOINT
INTERIM CO-LEAD CLASS COUNSEL**

Plaintiff Jane Doe (Plaintiff in related case *Doe v. Conceptions Reproductive Associates, Inc. d/b/a Conceptions Reproductive Associates of Colorado*, Case No. 1:25-cv-00009) and Plaintiff Kimberly Gibson (Plaintiff in *Gibson v. Conceptions Reproductive Associates, Inc.* and *IVI America, LLC*, Case No. 1:25-cv-00448) (collectively, "Plaintiffs") hereby move this Court to enter an order (1) consolidating the above-captioned cases (the "Related Actions") pursuant to Fed. R. Civ. P. 42(a), and (2) appointing Danielle L. Perry of Mason LLP and Raina C. Borrelli of Strauss Borrelli PLLC as Interim Co-Lead Class Counsel ("Proposed Interim Co-Lead Counsel") pursuant to Fed. R. Civ. P. 23(g).[1]

This Motion also seeks to stay all case deadlines in the cases proposed for consolidation during the pendency of this Motion, including deadlines for Defendant Conceptions Reproductive Associates, Inc. and Defendant IVI America, LLC ("Defendants" or "Conceptions") to respond to the respective complaints. Plaintiffs request that Defendants' response to the respective complaints be set as follows: if the Court grants the Motion to Consolidate, thirty (30) days from the filing of a consolidated complaint; or if the Court denies the Motion to Consolidate, thirty (30) days from the date of the Court's Order of Denial.

**D.C. COLO. L Civ R 7.1 CERTIFICATION**

Pursuant to D.C. Colo. L Civ R 7.1.A, counsel for the Plaintiffs conferred with counsel for all parties (Plaintiffs and Defendants) in each of the above-captioned actions which Plaintiffs are seeking to consolidate. Undersigned counsel report that all parties agreed to consolidation. Counsel for Plaintiffs all agreed to appointment of Interim Lead Counsel. Counsel for Defendants take no position on the appointment of Interim Lead Counsel.

---

[1] A copy of Proposed Order is attached hereto as **Exhibit A**.

I.  **INTRODUCTION**

The Related Actions arise from Defendants' failure to adequately safeguard the Private Information of its current and former patients, which was collected by Defendants as a condition of providing healthcare-related services. This failure led to a Data Breach discovered by Conceptions in mid-April 2024, which compromised the Private Information of its former and current patients, including their patient identifiers (e.g., name, date of birth, home address, phone number, etc.), clinical data (e.g., tests ordered, test results, vital signs, physical examination findings, diagnostic imaging, etc.), Social Security numbers, driver's license numbers, government issued identification numbers, checking account numbers, credit card numbers, and debit card numbers (collectively, "Private Information").

Accordingly, the Related Actions similarly allege, *inter alia*, that Conceptions knew, or should have known that its patients' Private Information was a target for malicious actors but, despite that knowledge, Defendants failed to implement and maintain reasonable and appropriate data privacy and security measures to protect Plaintiffs' and class members' Private Information from anticipated cyberattacks. Plaintiffs submit substantially similar allegations that they and class members have been injured by Conceptions' negligence, breach of implied contracts, invasion of privacy, unjust enrichment, and breach of fiduciary duty, and seek damages and injunctive and declaratory relief on behalf of overlapping classes.

Consolidation should be granted as (a) the Related Actions involve common parties and similar issues of law and fact (asserting largely overlapping causes of action related to the same Data Breach), (b) the putative class representatives in each of the Related Actions seek to represent similar classes of persons (collectively referred to herein as the "Class") whose Private Information was compromised as a result of the Data Breach discovered by Conceptions in April 2024 and for

2

which it provided notice, (c) Plaintiffs and the proposed Class were similarly impacted by the Data Breach, and (d) the Related Actions arise out of similar circumstances, thus making consolidation under Fed. R. Civ. P. 42(a) appropriate.

In addition, Proposed Interim Co-Lead Counsel satisfy the elements of Fed. R. Civ. P. 23(g) and are well-suited to lead the prosecution of this litigation on behalf of Plaintiffs and the proposed Class because, among other reasons, they have spent a significant amount of time and effort investigating, researching, and litigating the cases, are most familiar with the legal and factual issues in question, and intend to pursue a strategy that works best for the interests of the putative Class that Plaintiffs seek to represent.

Proposed Interim Co-Lead Counsel focus their practices on, and have extensive experience in, complex class action litigation, including data breach litigation, *i.e.*, the types of claims and allegations at issue in the Related Actions. Further, Proposed Interim Co-Lead Counsel's respective firms have the resources to effectively and efficiently pursue this action and have already committed sufficient resources to this litigation. Proposed Interim Co-Lead Counsel will work together and with other plaintiffs' counsel to litigate this matter to a successful conclusion.

## II.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

Federal Rule of Civil Procedure 42(a) allows for consolidation of cases "involving common issues of law or fact as a matter of convenience and economy in judicial administration." Fed. R. Civ. P. 42(a). The Court has broad discretion to decide whether to consolidate matters. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). Further, "[t]he consent of the parties is not required by Rule 42(a) for consolidation." Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 2383 (2d ed. 1994). When deciding whether to consolidate the actions,

3

"the court must weigh the saving of time and effort that would result from consolidation against any inconvenience, expense, or delay that it might cause." *Id.* "[D]istrict courts generally take a favorable view of consolidation." *Id*. at § 2383.

Here the Related Actions should be consolidated. Consolidation would save time and effort, as it would avoid duplicative motion practice and discovery. The actions raise the same common questions of law and arise from the same set of facts surrounding Defendants' alleged failure to properly secure, safeguard, and protect the Private Information of Defendants' former and current patients in the same Data Breach. The Related Actions will involve substantially the same discovery. Consolidation would add efficiency and consistency in judicial rulings and would reduce delay and costs. *See Breaux v. Am. Family Mut. Ins. Co*., 220 F.R.D. 366, 367 (D. Colo. 2004).

Indeed, if not consolidated, the Related Actions would result in virtually identical discovery requests, duplicative motion practice, and would cause an unnecessary drain on judicial resources. This is still true despite minor variations in class definitions and state-specific causes of actions. As explained in *Kaplan v. 21st Century Oncology Holdings*, a data breach case, where the court granted a motion to consolidate various class complaints:

> [T]he Undersigned first finds that there is a substantial threat of inconsistent adjudications of common factual and legal issues if the cases are allowed to proceed separately. As stated above, all of the cases are pled as class actions and all of the cases allege a negligence claim. The majority of the cases share other substantive claims as well....
>
> To be sure, the complaints in some of the cases assert claims that are not raised in the other related cases. Moreover, the putative class definitions vary among the related cases. Consolidation does, therefore, carry with it some risk of prejudice and also the possibility of confusion based upon these variations. The Undersigned finds, nevertheless, that the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues. In other words, with thirteen separate cases pending, the Undersigned finds that the risk of

4

> inconsistent adjudications of common factual and legal issues far outweighs any specific risks of prejudice and possible confusion that may be caused by variations in claims and class definitions. Moreover, the nuances in claims and putative class definitions can likely be addressed in the consolidated amended complaint through the use of putative subclasses once the request to appoint interim class counsel has been addressed.

*Kaplan v. 21st Century Oncology Holdings, Inc.*, No. 2:16-cv-210, 2016 WL 9383330, at *2–3 (M.D. Fla. July 21, 2016), *report and recommendation adopted*, No. 2:16-cv-210, 2016 WL 4204781 (M.D. Fla. Aug. 10, 2016) (internal citations omitted). To this end, courts have recognized that consolidation is appropriate in data breach cases where two or more cases arise from the same occurrence. *See, e.g.*, *id.*, 2016 WL 9383330, at *2 ("all of the cases appear to arise from the same alleged data breach. Additionally, all of the cases are pled as class actions with class allegations under Fed. R. Civ. P. 23, and all of the cases share at least one similar substantive claim: negligence. Moreover, all cases were filed against a common Defendant"); *In re Rutter's Inc. Data Sec. Breach Litig.*, No. 1:20-cv-382 (M.D Pa. Mar. 26, 2020), ECF No. 12 (consolidating two data breach class actions), ECF No. 17 (Apr. 3, 2020) (later consolidating two additional actions that were filed into the consolidated action).

In addition, to ensure continued judicial efficiency, the Court should order that any future actions that are filed, transferred, or removed to this Court based on the same or similar facts and circumstances be consolidated with this case. *In re Rutter's Inc. Data Sec. Breach Litig.*, ECF No. 12 (consolidating "any future related actions, under the docket number of this, first-filed case"), ECF No. 17 ("the Clerk of Court is directed to mark as 'Related' and to consolidate with this action all future actions that are filed in, transferred to, or removed to this District that relate to the same data breach at issue in this case").

Finally, Defendants will suffer no prejudice by litigating one consolidated action rather than these two (or potentially more) separate actions, and as a result, consolidation is appropriate.

5

### B.  The Court Should Appoint Interim Co-Lead Counsel

#### 1.  Legal Standard Under Rule 23(g)(3)

Federal Rule of Civil Procedure 23(g)(3) provides "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The appointment of leadership here is appropriate (*and necessary*) in light of the substantially overlapping claims and issues in both cases. *See* MANUAL FOR COMPLEX LITIGATION § 21.11 at 246 (4th ed. 2004) ("*Manual*") (When "there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. *In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during* precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and *negotiating settlement*."). Here, the Court should appoint Interim Co-Lead Class Counsel in order to clarify the responsibilities among counsel for protecting the interests of the Class, and to determine who will be able speak with one legitimate, unified voice for all Plaintiffs when negotiating with Defendants, or making decisions in prosecuting the case.

Federal Rule of Civil Procedure 23(g)(4) mandates that class counsel "must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). While Federal Rule of Civil Procedure 23(g)(3) provides no criteria for selecting interim counsel, Federal Rule of Civil Procedure 23(g)(1)(A), which addresses the appointment of class counsel, provides that in appointing class counsel, the Court must consider:

> i.  the work counsel has done in identifying or investigating potential claims in the action;
>
> ii. counsel's experience in handling class actions, other complex

6

>            litigation, and the types of claims asserted in the action;
> iii.       counsel s knowledge of the applicable law; and
> iv.        the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). "When appointing interim class counsel under Rule 23(g)(3), courts generally look to the same factors used in determining the adequacy of class counsel set forth in Rule 23(g)(1)(A)." *Chen v. Target Corp.*, No. 21-cv-1247 (DWF) (DTS), 2021 WL 6063632, at *2 (D. Minn. Dec. 22, 2021); *see also In re Navistar Maxxforce Engines Mktg., Sales Pracs. & Prod. Liab. Litig.*, No. 14-cv-10318, 2015 WL 1216318, at *1 (N.D. Ill. Mar. 5, 2015) ("It is generally accepted that the same considerations that govern the appointment of class counsel once a class is certified govern the designation of interim class counsel before certification."). Thus, the same factors apply here for the Court's analysis.

> i.   **Proposed Interim Co-Lead Counsel Performed Substantial Work in Investigating this Action**

Under the first Rule 23(g)(1)(A) factor, Proposed Interim Co-Lead Counsel have committed appropriate, yet substantial, time and resources to investigating and researching the potential legal theories and claims at issue and researching and reviewing information relating to the factual underpinnings of the Data Breach and this litigation. Proposed Interim Co-Lead Counsel have made significant efforts to organize the two cases to help ensure the case moves forward efficiently and with universal support amongst the filed cases. Proposed Interim Co-Lead Counsel are familiar with the facts and legal issues in this matter and intend to continue their pursuit of the claims on behalf of Plaintiffs and the Class.

Proposed Interim Co-Lead Counsel have conducted all of the work necessary to

7

aggressively and efficiently prosecute this litigation thus far, and they stand ready, willing, and able to continue to devote the substantial effort and resources (including the advancement of all necessary costs and expenses, including expert costs) necessary to aggressively litigate the claims on behalf Plaintiffs and the Class, in order to reach the best possible result, not just the quickest.

          ii.    **Proposed Interim Co-Lead Counsel are Knowledgeable and Experienced in Leading and Successfully Resolving Complex Consumer Class Actions, Including Data Breach Litigation**

Proposed Interim Co-Lead Counsel more than satisfy the second and third Rule 23(g)(1)(A) factors. Proposed Interim Co-Lead Counsel have the requisite knowledge and experience in data breach cases, which present unique and novel issues of fact and law that are always evolving. *See, e.g.*, *Gordon v. Chipotle Mexican Grill, Inc.*, No. 17-cv-1415, 2019 WL 6972701, at *1 (D. Colo. Dec. 16, 2019) ("Data breach cases . . . are particularly risky, expensive, and complex."); *In re Sonic Corp. Customer Data Breach Litig.*, No. 1:17-md-2807, 2019 WL 3773737, at *7 (N.D. Ohio Aug. 12, 2019) ("Data breach litigation is complex and risky. This unsettled area of law often presents novel questions for courts."); *Fulton-Green v. Accolade, Inc.*, No. 18-cv-274, 2019 WL 4677954, at *8 (E.D. Pa. Sept. 24, 2019) ("This is a complex case in a risky field of litigation because data breach class actions are uncertain and class certification is rare."). Because data breach cases require an understanding of the technical issues of data hacking, data privacy measures, and industry standards, appointing interim co-lead class counsel experienced in such complex class action litigation, including data breach and privacy litigation and related issues, is in the best interest of the Class. *See, e.g.*, *Outten v. Wilmington Tr. Corp.*, 281 F.R.D. 193, 200 (D. Del. 2012) ("Experience and knowledge of the law is of the utmost importance when determining lead counsel."); *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) ("The consideration that the Court finds to be most persuasive, however, relates to Co-Lead Counsel's experience in, and knowledge of, the applicable law in this

8

field.").

Here, Proposed Interim Co-Lead Counsel have extensive experience leading consumer class actions, including those involving data breach and data privacy issues against large corporate defendants. Proposed Interim Co-Lead Counsel's qualifications are further detailed below:

### Danielle L. Perry - Mason LLP

Danielle L. Perry is a partner at Mason LLP and offers over a decade of class action litigation experience to the benefit of her clients. Graduating from the University of California, Berkeley in 2010 and from Loyola Law School, Los Angeles in 2013, Ms. Perry is licensed to practice in the State of California, District of Columbia, and in numerous federal district courts across the country as well as the U.S. Court of Federal Claims, and the Fifth, Seventh, and Federal Circuit Courts of Appeals.

Over the past four years, Ms. Perry's practice has focused on data breach class actions similar in nature to the actions here. Members of Ms. Perry's firm pioneered data privacy class actions, serving as Co-Lead Counsel in *In re Dep't of Veterans Affs. (VA) Data Theft Litig.*, No. 1:06-MC-00506, 2007 WL 7621261 (D.D.C. Nov. 16, 2007) (unlawful disclosure of PPI of 28.5 million military veterans and active duty personnel; $20 million settlement fund) and court-appointed Lead Counsel in *In re Google Buzz Priv. Litig.*, No. C 10-00672 JW, 2011 WL 7460099 (N.D. Cal. June 2, 2011) ($10 million settlement fund in case arising for unauthorized disclosure or personal information). Ms. Perry herself has been named Class Counsel or appointed to leadership positions in numerous data breach class actions across the country including *Alexander v. Salud Fam. Health, Inc.*, No. 2023CV030580 (Colo. 19th Dist. Ct. Weld Cnty.) (appointed Co-Lead Counsel, final approval granted Nov. 2023); *Andersen v. Oak View Grp., LLC*, No. 2:24-cv-00719 (C.D. Cal.) (appointed Co-Lead Class Counsel May 2024); *Anderson v. Fortra, LLC*, No.

9

0:23-cv-533 (D. Minn.) (appointed Executive Committee Counsel Apr. 2023); *Askew v. Gas South, LLC*, No. 22106661 (Ga. Super. Ct. Cobb Cnty.) (appointed Co-Lead Counsel, final approval granted Jan. 2024); *Barletti v. Connexin Software Inc.*, No. 2:22-cv-04676 (E.D. Pa.) (appointed to Plaintiffs' Steering Committee, final approval granted July 2024); *Cece v. St. Mary's Health Care Sys., Inc.*, No. SU20CV0500 (Ga. Super. Ct. Athens-Clarke Cnty.) (appointed Class Counsel, final approval granted Apr. 2022); *Colston v. Envision Credit Union*, No. 2022CA1476 (Fla. 2d. Jud. Cir. Ct. Leon Cnty.) (appointed Class Counsel, final approval granted Apr. 2023); *Culp v. Fitzgibbon Hosp.*, No. 23SA-CV00020 (Mo. Cir. Ct. Saline Cnty.) (appointed Class Counsel, final approval granted Sept. 2024); *Dekenipp v. Gastroenterology Consultants, P.A.*, No. 202161470 (Tex. 295th Dist. Ct. Harris Cnty.) (appointed Class Counsel, final approval granted Oct. 2023); *Fernandez v. 90 Degree Benefits, LLC*, No. 2:22-cv-00799 (E.D. Wis.) (appointed Co-Lead Counsel, final approval granted Nov. 2023); *In re Flagstar Dec. 2021 Data Sec. Incident Litig.*, No. 4:22-cv-11385 (E.D. Mich.) (appointed to Plaintiffs' Executive Committee May 24, 2023); *In re NCB Mgmt. Servs., Inc. Data Breach Litig.*, No. 2:23-cv-1236 (E.D. Pa.) (appointed to Plaintiffs' Steering Committee June 2023); *Payton v. Fam. Vision of Anderson, P.A.*, No. 2023CP0401636 (S.C. Ct. C.P. Anderson Cnty.) (appointed Co-Lead Class Counsel Sept. 2023); *Pessia v. Warren Gen. Hosp.*, No. 501 (Pa. 37th Jud. Dist. Ct. Warren Cnty.) (appointed Co-Lead Class Counsel Jan. 2024); *Rasmussen v. Uintah Basin Healthcare*, No. 2:23-cv-00322 (D. Utah) (appointed Co-Lead Counsel June 2023); *Rodriguez v. Mena Reg'l Health Sys.*, No. 2:23-cv-02002 (W.D. Ark.) (appointed Co-Lead Counsel Apr. 2023); *Rohrer v. Oak Valley Hosp. Dist.*, No. CV-23-005612 (Cal. Super. Ct. Stanislaus Cnty.) (appointed Co-Lead Counsel Nov. 2023, preliminary approval granted July 16, 2024); and *Woods v. Albany ENT & Allergy Servs., P.C.*, No. 904730-23 (N.Y. Sup. Ct. Albany Cnty.) (appointed Co-Lead Class Counsel, final approval granted Oct. 2024).

Mason LLP's qualifications are further detailed in the accompanying firm resume attached as **Exhibit 1**.

### Raina C. Borrelli – Strauss Borrelli PLLC

Raina Borrelli is a is a founding partner at Strauss Borrelli PLLC where she leads the firm's class action practice group. Ms. Borrelli received her J.D. *magna cum laude* from the University of Minnesota Law School in 2011. Prior to joining Strauss Borrelli, Ms. Borrelli was a partner at Gustafson Gluek PLLC, a boutique class action firm in Minneapolis, Minnesota, where she successfully prosecuted complex class actions in federal and state courts, including *Hudock v. LG Electronics USA, Inc.*, No. 16-cv-1220 (JRT/KMM) (D. Minn.); *Baldwin v. Miracle-Ear, Inc.*, No. 20-cv-01502 (JRT/HB) (D. Minn.); *In re FCA Monostable Gearshifts Litig.*, No. 16-md-02744 (E.D. Mich.); *Zeiger v. WellPet LLC*, No. 17-cv-04056 (N.D. Cal.); *Wyoming v. Procter & Gamble*, No. 15-cv-2101 (D. Minn.); *In re Big Heart Pet Brands Litig.*, No. 18-cv-00861 (N.D. Cal.); *Sullivan v. Fluidmaster*, No. 14-cv-05696 (N.D. Ill.); *Rice v. Electrolux Home Prod., Inc.*, No. 15-cv-00371 (M.D. Pa.); *Gorczynski v. Electrolux Home Prods., Inc.*, No. 18-cv-10661 (D.N.J.); *Reitman v. Champion Petfoods*, No. 18-cv-1736 (C.D. Cal.); *Reynolds v. FCA US, LLC*, No. 19-cv-11745 (E.D. Mich.). Ms. Borrelli has repeatedly been named to the annual Minnesota "Rising Star" Super Lawyers list (2014-2021) by SuperLawyers Magazine. She has also been repeatedly certified as a North Star Lawyer by the Minnesota State Bar Association (2012-2015; 2018-2020) for providing a minimum of 50 hours of pro bono legal services.

Ms. Borrelli has significant experience in data privacy litigation and is currently litigating more than one hundred data breach cases in courts around the country as lead counsel or co-counsel on behalf of millions of data breach victims, including *In re Netgain Tech. Consumer Data Breach Litig.*, No. 21-cv-1210 (D. Minn.) (appointed by the court to the Plaintiffs' Interim Executive

Committee); *In re C.R. England, Inc. Data Breach Litig.*, No. 2:22-cv-374-DAK-JCB (appointed by the court has Interim Co-Lead Counsel); *Medina v. PracticeMax Inc.*, No. 22-cv-01261-DLR (D. Ariz.) (appointed to Executive Leadership Committee); *Forslund v. R.R. Donnelley & Sons Co.*, No. 1:22-cv-04260 (N.D. Ill.) (appointed as Interim Co-Lead Class Counsel); *In re Lincare Holdings, Inc. Data Breach Litig.*, No. 8:22-cv-01472 (M.D. Fla.) (appointed to Interim Executive Leadership Committee, achieving a $7.25 million settlement for the class); *McLaughlin v. Flagstar*, No. 22-cv-11470 (E.D. Mich.); *Corra v. Acts Ret. Servs., Inc.*, No. 2:22-cv-02917 (E.D. Pa.); *Grogan v. McGrath RentCorp., Inc.*, No. 22-cv-490 (N.D. Cal.); *Darrin v. Huntington Ingalls Indus.*, No. 4:23-cv-00053 (E.D.V.A.) (appointed Interim Co-Lead Class Counsel); *Baldwin v. Nat'l Western Life Ins. Co.*, No. 21-cv-04066-WJE (W.D. Mo.) (settlement on behalf of 800,000 data breach victims).

In addition to her robust data breach practice, Ms. Borrelli is also currently litigating a variety of consumer protection cases, including under the TCPA, various state right of publicity laws, and under the Illinois Biometric Information Privacy Act, including: *Patterson v. Respondus Univ.*, No. 20-cv-7692 (N.D. Ill.); *Murray v. Grocery Delivery E-Services USA Inc. d/b/a Hello Fresh*, No. 19-cv-12608 (D. Mass.) ($14 million TCPA class settlement); *Baldwin v. Miracle-Ear, Inc.*, No. 20-cv-1502 (D. Minn.) ($8 million TCPA class settlement); *Callahan v. PeopleConnect, Inc.*, No. 20-cv-9203 (N.D. Cal.); *Kellman v. Spokeo, Inc.*, No. 21-cv-8976 (N.D. Cal.); *Kellman v. Spokeo*, No. 21-cv-08976 (N.D. Cal.); *DeBose v. Dun & Bradstreet Holdings, Inc.*, No. 22-cv-00209 (D.N.J.). Based on her experience in data breaches and other class action and complex litigation cases, Ms. Borrelli is qualified to serve as Co-Lead Class Counsel.

Strauss Borrelli's qualifications are further detailed in the accompanying firm resume attached as **Exhibit 2**.

     **iii.**  **Proposed Interim Co-Lead Counsel Are Committed to Devoting Significant Resources and Representing and Advancing the Interests of the Class**

As to the fourth, Rule 23(g)(1)(A) factor, Proposed Interim Co-Lead Counsel are ready, willing, and able to expend the necessary resources to ensure the vigorous prosecution of the claims asserted by the Plaintiffs in these cases. Proposed Interim Co-Lead Counsel have years of experience prosecuting and self-funding complex class action litigation, including actions against some of the largest companies in the world. Proposed Interim Co-Lead Counsel are also willing to advance all costs to prosecute this action and see it through to completion, including advancing costs for document hosting, expert witnesses (both for liability and damages if necessary), and for trial.

In sum, Proposed Interim Co-Lead Counsel are committed to pursuing the best interests of Plaintiffs and the Class in an efficient manner. They understand the time and resources necessary to pursue this action to a successful resolution. Their firms have already made significant investments of resources and time into the prosecution of these claims.

**III.**  **CONCLUSION**

WHEREFORE, Plaintiffs respectfully request that the Court enter an order consolidating the Related Actions and appointing Danielle L. Perry of Mason LLP and Raina C. Borrelli of Strauss Borrelli PLLC as Interim Co-Lead Class Counsel ("Proposed Interim Co-Lead Counsel") pursuant to Fed. R. Civ. P. 23(g).

Dated: February 19, 2025                    Respectfully submitted,

                                                                           */s/ Danielle L. Perry*
Danielle L. Perry
Gary E. Mason
**MASON LLP**
5335 Wisconsin Avenue NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290
Email: gmason@masonllp.com
Email: dperry@masonllp.com

Raina C. Borrelli*
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
T: (872) 263-1100
F: (872) 263-1109
raina@straussborrelli.com

*Proposed Interim Co-Lead Counsel*

14