# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00009-NYW-CYC

JANE DOE, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

CONCEPTIONS REPRODUCTIVE ASSOCIATES, INC., d/b/a CONCEPTIONS REPRODUCTIVE ASSOCIATES OF COLORADO,

    Defendant.

## MINUTE ORDER

**Entered by Judge Nina Y. Wang**

This matter is before the Court on Plaintiffs' Motion to Consolidate Cases and Appoint Interim Co-Lead Class Counsel ("Motion to Consolidate"), [Doc. 12], and Plaintiff's Unopposed Motion for Leave to Proceed Under Pseudonym, [Doc. 18] (together, the "Motions"). Both Motions are unopposed. [Doc. 12 at 2; Doc. 18 at 1]. For the reasons set forth below, the Motions are **GRANTED**.

**I.    Motion to Consolidate**

In the Motion to Consolidate, Plaintiff Jane Doe ("Plaintiff") asks the Court to consolidate this case with the related case of *Gibson v. Conceptions Reproductive Associates, Inc.*, Civil Action No. 25-cv-00448-TPO. [Doc. 12 at 2]. This Motion is joined by Kimberly Gibson ("Ms. Gibson"), the plaintiff in the related case. *See* [*id.*]. Plaintiff and Ms. Gibson also request that the Court appoint Danielle L. Perry ("Ms. Perry") of Mason LLP and Raina C. Borrelli ("Ms. Borrelli") of Strauss Borrelli as Interim Co-Lead Class Counsel. [*Id.* at 2, 14]. The Court addresses each request in turn.

    **A.    Consolidation**

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). "The decision whether to consolidate such actions is left to the sound discretion of the trial court." *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)). Rule 42(a) is intended "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Fam. Mut. Ins. Co.*,

220 F.R.D. 366, 367 (D. Colo. 2004) (quotation omitted). Thus, in exercising this discretion, the Court weighs both "judicial economy and fairness to the parties." *MSPBO, LLC v. Adidas N. Am., Inc.*, No. 13-cv-02287-PAB-KMT, 2014 WL 349102, at *1 (D. Colo. Jan. 30, 2014) (citing *Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982)).

Plaintiff represents that "all parties" in both this case and the related *Gibson* case have agreed to consolidation. [Doc. 12 at 2]. The Court agrees that consolidation is appropriate. Both actions stem from the same underlying facts—an April 2024 data breach that Plaintiff and Ms. Gibson allege was caused by Defendant's failure to properly secure its patients' private data. *Compare* [Doc. 1 at ¶¶ 7–9, 27–30], *with* Complaint at ¶¶ 20–27, *Gibson v. Conceptions Reproductive Associates, Inc.*, No. 25-cv-00448-TPO (D. Colo. Feb. 10, 2025), ECF No. 5 ("*Gibson* Complaint"). Both Plaintiff and Ms. Gibson assert similar, though not identical, claims. *See* [Doc. 1 at ¶¶ 94–136]; *Gibson* Complaint at ¶¶ 91–171. These factual and legal similarities between the cases suggest that discovery and motions practice in the two cases will overlap significantly, meaning that consolidation will facilitate a more efficient resolution of the cases for both the Parties and the Court. And there is no indication that any other Party will be prejudiced by consolidation. The Court is therefore persuaded that this case and *Gibson* share common questions of fact and law that warrant consolidation under Rule 42(a).

## B.    Interim Co-Lead Class Counsel

Plaintiff and Ms. Gibson next request that the Court appoint Ms. Perry and Ms. Borelli as interim co-Lead class counsel pursuant to Federal Rule of Procedure 23(g). [Doc. 12 at 7]. Defendant takes no position on this request. [*Id.* at 2].

Rule 23(g) of the Federal Rules of Civil Procedure governs the appointment of class counsel. Relevant here, the Rule provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008); *Dorn v. Mueller*, No. 10-cv-00925-WYD-CBS, 2010 WL 2232418, at *1 (D. Colo. May 28, 2010). These factors include: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). The court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Upon review of these factors, the Court finds it appropriate to appoint Ms. Perry and Ms. Borelli as interim co-lead class counsel in this matter. With respect to the first factor, the Motion to Consolidate represents that Ms. Perry and Ms. Borelli have dedicated significant time and effort to investigating the facts and claims in both cases

2

and preparing the cases for litigation. [Doc. 12 at 8–9]. As for the remaining factors, Ms. Perry and Ms. Borrelli each have extensive experience in class action litigation, specifically in cases involving data privacy and consumer protection issues. [*Id.* at 10–12]. Ms. Perry is a partner at Mason LLP, has focused her practice on comparable "data breach class actions" for the last four years, and has served as class counsel or in leadership positions in "numerous data breach class actions across the country" during that time. [*Id.* at 10–11]. Ms. Borelli is a founding partner at Strauss Borrelli PLLC, leads the firm's class action practice group, and is "currently litigating more than one hundred data breach cases in courts around the country as lead counsel or co-counsel." [*Id.* at 12–13]. Counsel's respective law firms also have extensive experience in class action and data privacy litigation. *See* [Doc. 12-1 at 13–18; Doc. 12-2 at 6–8]. Ms. Perry, Ms. Borelli, and their law firms represent that they are able to commit the resources necessary to vigorously prosecute these cases. [Doc. 12 at 14]. The Court concludes that Ms. Perry and Ms. Borelli are well-versed in the applicable law and able to effectively litigate this case on behalf of Plaintiff, Ms. Gibson, and the putative class members. For these reasons, the Court finds that appointment of Ms. Perry and Ms. Borelli as interim co-lead class counsel is appropriate under Rule 23(g)(3). The Motion to Consolidate is respectfully **GRANTED**.

## II.   Motion for Leave to Proceed Under Pseudonym

In the other Motion before the Court, Plaintiff seeks leave to proceed under a pseudonym. [Doc. 18 at 1]. No other Party objects to this request. [*Id.*]. Plaintiff argues that leave to proceed anonymously is justified because this case arises from a data breach of medical records and other personal information, such as date of birth, home address, and Social Security numbers. [*Id.* at 2]. As a result, the record in this case will inevitably contain her "protected health information and treatment records." [*Id.* at 3]. Plaintiff does not wish to publicly disclose that she obtained fertility treatment from Defendant, and asserts a privacy interest in records containing information about her "personal reproductive health." [*Id.*].

"Proceeding under a pseudonym in federal court is, by all accounts, an unusual procedure." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quotation omitted). "[T]he Federal Rules of Civil Procedure mandate that the real names of all real parties in interest must be used in complaints." *See Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006) (citing Fed. R. Civ. P. 10(a), 17(a)). Nevertheless, leave to proceed under a pseudonym may be granted when there is an "important privacy interest to be recognized." *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979). Such an interest arises in cases involving: (1) "matters of a highly sensitive and personal nature"; (2) "real danger of physical harm"; or (3) circumstances where "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Femedeer*, 227 F.3d at 1246 (quotation omitted). Even when a plaintiff asserts such a privacy interest, the Court must weigh that interest against the public interest in open judicial proceedings. *Doe v. Bd. of Regents of the Univ. of Colo.*, No. 21-cv-02637-RM-KMT, 2022 WL 43897, at *2 (D. Colo. Jan. 5, 2022)

(citations omitted).  Whether to permit use of a pseudonym is within the district court's "informed discretion."  *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998).

The Court concurs with Plaintiff that this case involves sufficiently exceptional circumstances, involving "highly sensitive and personal medical issues," to warrant anonymity.  [Doc. 18 at 3].  This case involves Plaintiff's medical records and treatment history, which are protected from disclosure by HIPAA.  *See* 42 U.S.C. §§ 1320d to -d-9.  The presence of that information weighs against disclosure of Plaintiff's identity.  *See Z.C. v. United Healthcare Benefits Plan of Cal.*, No. 25-cv-00013-TC, 2025 WL 622923, at *1 (D. Utah Feb. 26, 2025) (holding that when a "substantial portion of the record" was comprised of the plaintiff's medical information, the "personal medical concerns" at issue favored anonymity).  Moreover, the medical records at issue relate to Plaintiff's sexual and reproductive health—an area where courts commonly recognize a privacy interest important enough to permit use of a pseudonym.  *See Free Speech Coal. v. Anderson*, No. 2:23-cv-00287, 2023 WL 4205645, at *4 (D. Utah June 27, 2023) ("Courts often allow parties to use pseudonyms when a case involves topics which fall into what may be roughly categorized as the area of human sexuality." (cleaned up)); *Lindsey*, 592 F.2d at 1125 (observing that most cases permitting use of a pseudonym involved "abortion, birth control, and . . . abandoned or illegitimate children").

The Court acknowledges that Plaintiff's name and personal medical information may already be publicly available due to the data breach at issue.  [Doc. 1 at ¶¶ 52, 77–82].  If true, that would limit the "social interest" in permitting her to proceed anonymously.  *Lindsey*, 592 F.2d at 1125.  But because the extent to which Plaintiff's personal information has been publicized is not yet known, the Court will not assume that she has already suffered the "worst of the publicity and embarrassment" that could come from disclosure of her medical information.  *See id.*  Given that the information may only be accessible through the "dark web," [Doc. 1 at ¶ 52], granting Plaintiff leave to use a pseudonym would not necessarily be an attempt to "put jack back in the box," *Raiser*, 182 F. App'x at 811–12.  To the contrary, where the *Raiser* plaintiff's name was made public through his own decision to pursue litigation, Plaintiff's personal information has been allegedly compromised through no fault of her own.  *See id.*  The Court is aware of no case where unauthorized disclosure of a plaintiff's personal medical information by a third party barred the plaintiff from using a pseudonym to prevent further invasion of privacy.  The Court will not cement an injury whose extent remains unclear.  Accordingly, the Court concludes that Plaintiff's privacy interest in her personal medical information, especially as it relates to sexual and reproductive health, outweighs the public interest in open judicial proceedings.  Plaintiff's Unopposed Motion for Leave to Proceed Under Pseudonym is respectfully **GRANTED**.

Accordingly, it is **ORDERED** that:

(1) Plaintiffs' Motion to Consolidate Cases and Appoint Interim Co-Lead Class Counsel [Doc. 12] is **GRANTED**;

(2) Plaintiff's Unopposed Motion for Leave to Proceed Under Pseudonym [Doc. 18] is **GRANTED**;

(3) Pursuant to Federal Rule of Civil Procedure 42 and D.C.COLO.LCivR 42.1, the Clerk of Court shall **CONSOLIDATE** this case with *Gibson v. Conceptions Reproductive Associates, Inc.*, Civil Action No. 25-cv-00448-TPO;

(4) The Clerk of Court is **DIRECTED** to reassign the magistrate judge referral duties in Civil Action No. 25-cv-00448-TPO to Magistrate Judge Cyrus Y. Chung;

(5) The Parties shall file all pleadings and papers in this action under the caption of:

Civil Action No. 25-cv-00009-NYW-CYC
*Consolidated with Civil Action No. 25-cv-00448-NYW-CYC*

(6) All filings shall be made in Civil Action No. 25-cv-00009-NYW-CYC;

(7) The Parties are **ORDERED** to jointly contact Judge Chung's Chambers no later than May 13, 2025 for the purpose of scheduling a Status Conference to discuss preparation of a revised Scheduling Order; and

(8) Should Plaintiff and Ms. Gibson jointly file a consolidated complaint, Plaintiff may use the pseudonym "Jane Doe."

DATED: May 6, 2025