IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00009-NYW-CYC
*Consolidated with Civil Action No. 25-cv-00448-NYW-CYC*

JANE DOE, *individually and on behalf of all others similarly situated*, and
KIMBERLY GIBSON,

      Plaintiffs,

v.

CONCEPTIONS REPRODUCTIVE ASSOCIATES, INC., d/b/a Conceptions Reproductive Associates of Colorado, and
IVI AMERICA, LLC,

      Defendants.

## AMENDED[1] ORDER

**Cyrus Y. Chung, United States Magistrate Judge.**

      Before the Court is the parties' Joint Motion to Vacate Scheduling Conference, Extend Deadlines, and Stay Formal Discovery and Further Proceedings (the "Motion"). ECF No. 20. For the reasons that follow, the Motion, ECF No. 20, is **GRANTED**.

      The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. However, Rule 26(c) permits the Court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," and Rule 1 instructs that the rules of procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the

---

[1] This order amends ECF No. 22 to correct the deadline for the defendants to respond to the plaintiffs' consolidated amended complaint from June 11, 2025 to July 11, 2025.

causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936). An order staying discovery is thus within this Court's discretion. *Id*.

In evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). "[S]tays of the normal proceedings of a court matter should be the exception rather than the rule, and courts in this District generally disfavor stays." *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2029) (internal quotations marks omitted). Further, "a stay is not warranted merely because Defendant[ ] filed a Motion to Dismiss that [it] believe[s] is dispositive of this entire matter." *Id*. Instead, the Court considers the *String Cheese* factors outlined above.

Considering these factors, a stay is warranted. As the plaintiffs do not oppose a stay in the case, their interest in proceeding expeditiously and the potential prejudice of a delay are offset by the defendants' burden of proceeding with discovery. *Montgomery v. Holweger*, No. 20-CV-01049-PAB-MEH, 2020 WL 13833682, at *2 (D. Colo. Aug. 7, 2020). In addition, a stay serves the Court and the public interest by avoiding the unnecessary expenditure of the Court's time and resources while a motion is pending that could resolve this matter in its entirety. *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010)

("[N]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending." (citations omitted)). Further, a stay of discovery in this case pending a ruling on the motion to dismiss "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted). And, finally, the Court is not aware of any third parties who have an interest in this matter.

A balance of these factors, with particular concern for fairness and efficiency, favors a stay in this case. Therefore, in the interest of judicial economy and to avoid wasting the time and efforts of all concerned, good cause exists to impose a stay of discovery pending rulings on the defendants' motions to dismiss.

For the foregoing reasons, it is hereby ORDERED that the Joint Motion to Vacate Scheduling Conference, Extend Deadlines, and Stay Formal Discovery and Further Proceedings, ECF No. 20, is **GRANTED**.

It is further ORDERED that discovery in this matter is **STAYED** pending further order of the Court.

It is further ORDERED that the Scheduling Conference set for June 3, 2025 be **VACATED**.

It is further ORDERED that the Initial Case Deadlines be entered into this matter:

|  | New Deadline |
|---|---|
| Last date Plaintiffs may file their consolidated amended complaint. | June 11, 2025 |
| Last date Defendant(s) may file their Answer(s) and/or Rule 12 motion(s). | July 11, 2025 |
| Last date Plaintiff may Oppose any Rule 12 motion. | August 11, 2025 |

3

| Last date moving Defendant(s) may Reply in support of its Rule 12 motion(s). | September 2, 2025 |
|---|---|
| Last date Defendant may answer or respond to any surviving claims. | Thirty (30) days after the Court's final adjudication of the Rule 12 motion(s) |
| Last date by which Parties must meet, confer, and jointly propose a further scheduling order regarding any surviving claims. | Twenty-one (21) days after Defendants file their answer(s) |

Entered and dated this 4th day of June, 2025, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge

4